FINANCE COMPANY OF AMERICA, Plaintiff-Appellee, v. WALLACE, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24912. Decided December 11, 1959.

Messrs. *Benesch, Friedlander, Mendelson, Gnau & Coplan* and Mr. *Richard L. Phillips,* of counsel, for plaintiff-appellee. Mr. *Ralph V. Greene,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

*Per Curiam.* The plaintiff on November 19, 1957, took judgment by confession on a cognovit note dated June 3, 1957, for $151.71 which judgment was journalized on that day. Execution was issued on November 27, 1957 against this defendant, Dorothy Wallace, and on January 23, 1958, the execution was returned showing judgment and costs paid in full.

On February 25, 1958, after term (under the rule of the Municipal Court of Cleveland), the plaintiff, without notice to the defendant, made an oral application to the court to vacate the court's judgment entry of November 19, 1957, and the court thereupon made the following entry:

"Feb. 25, 1958, upon application of the plaintiff, judgment of 11/19/57 is vacated."

Without returning the money paid on the vacated judgment of November 19, 1957, the judgment then appearing on the docket of the court as having been paid in full, the court, without notice to the defendant, permitted the filing of an amended petition and entered a new cognovit judgment (on February 25, 1958), on the same note, which was the authority for the first judgment, for $824.94.

The defendant, Dorothy Wallace, filed her petition to vacate the second judgment setting up in her petition what appears on the face of the record that the court vacated the plaintiff's judgment on plaintiff's oral application after term, without notice, which judgment this defendant had fully satisfied prior to that date.

The court was without jurisdiction, as is shown on the face of the record to make an entry vacating such satisfied judgment after term without a motion filed and service of notice as provided by Section 2325.04, Revised Code. The court's jurisdiction over the defendant had been fully expended. Without further process, as provided by law, any entry made or amendment affecting the rights of the defendant was null and void and without legal effect.

The court's entry denying defendant's petition seeking to vacate the order made after term vacating the judgment against her, which she had fully satisfied and to vacate the second cognovit judgment entered on the same day against her on the same cognovit note for a larger amount is reversed as contrary

to law and the cause remanded with instructions to grant such petition and to vacate the judgment of February 25, 1958, and the entry of the same day vacating plaintiff's judgment of November 19, 1957, all at the plaintiff's costs.

HURD, P. J., KOVACHY and SKEEL, JJ., concur.